## NORTHERN BANK OF KENTUCKY v. HENRY BELL ET AL.

**Duty of a Bank Director.**

The director of a bank is only in a limited sense a trustee for the bank, its stockholders and those dealing with it, and where he has a claim of his own against the bank he is under no obligation to postpone his claim to that of the bank and is as much entitled to the reward of diligence as any other creditor.

**Attachment.**

The code expressly requires that the affidavit for an attachment shall state that the claim is just, and the omission to state is fatal to the efficacy of the attachment.

### APPEAL FROM FAYETTE CIRCUIT COURT.

November 26, 1881.

OPINION BY JUDGE HINES:

A director of a bank is only in a limited sense a trustee for the bank, for the stockholders and those dealing with it. There is no trust where there is no duty, and in the discharge of his duty he is held only to good faith and fair dealing in the execution of the trust. In this instance it is not alleged, nor does it appear, that appellee had any duty to perform in reference to the suit

instituted by the bank, or that he in fact knew that the suit had been instituted; but even if he knew of the suit by the bank his claim would not be postponed to that of the bank unless in the discharge of a duty as director he had instituted the proceedings or directed their institution, and the defect in the proceedings was the result of bad faith on his part in order to give preference to his own claim, or was the result of negligence so gross as to evidence fraud or bad faith. He was under no obligation to postpone his claim to that of the bank, and was as much entitled to the reward of diligence as any other creditor.

Civil Code (1876), Ch. 3, Art. 1, § 196, expressly requires that the affidavit for an attachment shall state that the claim is just; and we have repeatedly held that its omission is fatal to the efficacy of the attachment, and that a statement in the affidavit of the amount the affiant believes he ought to recover does not cure the defect. We see no reason for changing these rulings. The legislature had the unquestioned right to prescribe the conditions upon which an attachment should be effective, and on a failure to comply with such conditions or requirements, as we have frequently held, the attaching creditor takes nothing by his attachment as against one whose rights intervene before an amendment of the affidavit.

The transfer of the case of the appellees to the court in which the action by the bank was pending, and the consideration of the two cases together, is expressly authorized by the code; and on submission it was the duty of the court, without a motion to discharge the attachment of the bank, to determine from the face of the papers who was entitled to preference in the distribution of the fund which had been brought into court by these two actions.

Judgment *affirmed*.

*M. C. Johnson, for appellant.*

*Buckner & Allen, Breckinridge & Shelby, for appellees.*